IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Maggie A. Boler, | ) | C/A No.: 3:17-3397-CMC-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Internal Revenue Service, | ) | |
| Defendant. | ) | |

Maggie A. Boler ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against the Internal Revenue Service ("Defendant") alleging it violated her constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, the undersigned recommends the district judge dismiss this case without prejudice and without issuance and service of process.

I.      Factual Background

Plaintiff alleges Defendant filed a tax lien against her in the amount of $58,000. [ECF Nos. 1 at 1; 4 at 1]. Plaintiff claims Defendant's actions violated her constitutional rights because she was not given an opportunity to face her accuser or to have a jury trial. [ECF No. 1 at 1]. Plaintiff further argues Defendant is demanding payment without a contract and with no clarity for demand. [ECF Nos. 1 at 1; 4 at 1]. Plaintiff states she has searched her central record and civil district files in the federal district where she resides and was unable to find any filing of a fiduciary relationship or proof of claim. [ECF No. 1 at 1]. Plaintiff asks the court to remove the lien and all negative reporting from her credit. *Id.* at 2. Plaintiff

also seeks monetary damages in the amount of $174,000—three times the amount of the lien. *Id.*

II.   Discussion

   A.   Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege

facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Plaintiff's complaint seeks to enjoin Defendant's ability to collect taxes. [ECF No. 1 at 2]. However, this relief is barred by the Anti-Injunction Act. The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that unless certain statutory exceptions are applicable, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]" The Supreme Court has indicated that the purpose of the Anti-Injunction Act is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in suit for a refund.'" *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974). Although there are limited statutory exceptions to the Anti-Injunction Act, Plaintiff has not alleged any facts to show that any of the statutorily-created exceptions applies.

There are also limited judicial exceptions to the Anti-Injunction Act. *See Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). To establish a claim for injunctive relief under the holding in *Enochs*, the taxpayer must show: (1) under the most liberal view of the applicable laws and facts, it is clear that the government cannot prevail on the merits; and (2) absent an injunction, irreparable injuries will occur for which there is no adequate remedy at law. 370 U.S. at 6–7. Unless both of these prerequisites are met, "a suit for preventive injunctive relief must be dismissed." *United States v. American Friends Serv. Comm.*, 419 U.S. 7, 10 (1974).

Plaintiff has not alleged any facts to show that she can meet either of the *Enochs* prerequisites. First, Plaintiff has failed to demonstrate that the government cannot prevail on the merits. As to the second *Enochs* factor, Plaintiff has adequate remedies at law. The right of a taxpayer to petition the Tax Court, and her right, in the alternative, to sue for a refund in a federal district court are adequate remedies at law. *See, e.g., Bob Jones Univ.*, 416 U.S. at 746; *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313–14 & n.1 (9th Cir. 1982) (citing *Bailey v. George*, 259 U.S. 16 (1922)) ("Since the Supreme Court decision in [*Bailey*], it has been established that payment of the tax followed by a suit for refund constitutes an adequate remedy at law."); *Hobson v. Fischbeck*, 758 F.2d 579, 581 (11th Cir. 1985) (holding injunctive relief to be improper when plaintiff "could pay the disputed tax and then sue for a refund"). Because Plaintiff has not alleged any facts to show that any of the statutory or judicially-created exceptions to the Anti-Injunction Act are applicable, the undersigned recommends this action be dismissed.[1]

III. Conclusion

For the foregoing reasons, the undersigned recommends that the court dismiss this complaint without prejudice and without issuance and service of process.

---

[1] Plaintiff's claims for monetary damages stemming from Defendant's purported violation of her federal constitutional rights are also barred by the doctrine of sovereign immunity. Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not waived sovereign immunity in suits claiming constitutional torts, *see Radin v. United States*, 699 F.2d 681, 684–85 (4th Cir. 1983), and the bar of sovereign immunity cannot be avoided by naming agencies such as the Internal Revenue Service as a defendant, as federal agencies operate as the United States itself. *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 2, 2018  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).